[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 11073
The parties intermarried on April 20, 1985 at Tampa, Florida. Both parties have resided continuously in this state for one year prior to the commencement of this action. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the statutory criteria set forth in §§ 46b-81 and 46b-82 C.G.S. in reaching the decisions reflected in the orders that follow.
Unfortunately, the parties were unable to reconcile their differences. No useful purpose would be served by a review of the evidence presented in this matter. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter:
1. The plaintiff shall transfer all of her right, title and interest in and to the real estate located at #17 Park Road, Oxford, Connecticut, to the defendant forthwith. The defendant shall hold the plaintiff harmless from any and all liability arising out of the mortgages and/or equity loans in this property. In the event there is ever a deficiency judgment in connection with this real estate, the defendant shall hold the plaintiff harmless therefrom.
2. Contemporaneously with the plaintiff transferring her interest in and to the real estate to the defendant, the defendant shall execute a non-interest hearing promissory note and mortgage to the plaintiff in the amount of $15,000 to be paid by the defendant to the plaintiff within three years of date or upon the sale of the premises, whichever first occurs. In the event the note is not paid when due, then interest shall run from said due date to the date of payment, at the rate of 6% per annum.
3. The plaintiff shall be entitled to her jewelry, furs and her IRA free from any claim by the defendant. CT Page 11074
4. The defendant shall be entitled to his IRA free from any claim by the plaintiff.
5. The plaintiff shall be entitled to her mother's items of personal property and as set forth on Plaintiff's Exhibit A, provided that said defendant has said items in his possession at the marital residence.
6. The defendant shall turn over the remaining items of personal property to the plaintiff as noted in Exhibit A, provided the defendant still has possession of said items.
7. Each party shall be responsible for the debts as listed on their respective financial affidavits.
8. Neither party is awarded alimony.
9. Plaintiff is granted a change of name to Lynn D. Perry.
Coppeto, J.